Requestor: William G. Ruger, Esq., County Attorney County of Schuyler P.O. Box 391 Watkins Glen, New York 14891
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a person may hold simultaneously the position of county real property appraisal technician and member of a town board of assessment review.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
Real Property Tax Law § 523(1) provides for the appointment of members of a town board of assessment review by the town board, stating that "[a] majority of such board shall consist of members who are not officers or employees of the local government". Thus, this provision does not preclude a town board from appointing a county officer to the town board of assessment review. In our view, however, there is a conflict between the duties of the two positions, establishing incompatibility.
The town board of assessment review is charged with the duty of hearing and determining appeals in relation to the assessment of real property within the town. Real Property Tax Law § 525. You have provided us with a statement of the duties of the county real property appraisal technician.
 "This position performs accurate plot and map property lines on tax maps and researches dates and other property records. The technician aides [sic] the town assessors as needed in evaluation of real property through the use of manuals to compute structural replacement cost values. An employee in this class performs a variety of responsible drafting, research, and evaluation and analysis tasks. Does related work as required."
Thus, the county real property appraisal technician participates in the determination of real property tax assessments by assisting tax assessors in the evaluation of real property values. In our view, a person performing this function cannot impartially also serve as a member of a town board of assessment review. In such capacity, he would be faced with the prospect of reviewing assessments which he participated in determining. Further, in his role as county real property appraisal technician, the individual would work closely with the town assessor whose assessments would be under review by the town board of assessment review. This creates at least an appearance of impropriety. Public officials must avoid circumstances that compromise or appear to compromise their ability to make impartial judgments solely in the public interest.
We conclude that the positions of member of a town board of assessment review and county real property appraisal technician are incompatible.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.